1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----oo0oo----

THE TRUSTEES OF THE EIGHTH
DISTRICT ELECTRICAL PENSION
AND BENEFITS FUNDS,
DELINQUENCY COMMITTEE OF THE
EIGHTH DISTRICT ELECTRICAL
PENSION AND BENEFIT FUNDS, and
IBEW LOCALS 291 and 449,

        Plaintiffs,

    v.

PORTNEUF ELECTRIC INC., an
Idaho Corporation, BRENT
HARRIS and TERRI HARRIS,

        Defendants.

NO. CIV. 1:12-126 WBS

MEMORANDUM AND ORDER RE:
NOTICE OF BANKRUPTCY AND
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT

----oo0oo----

    Plaintiffs Delinquency Committee of the Eighth District
Electrical Pension and Benefit Funds, IBEW Local 291, IBEW Local
449, and Trustees of the Eighth District Electrical Pension and
Benefits Funds brought suit against defendants Portneuf Electric,
Inc. ("Portneuf"), Brent Harris, and Terri Harris alleging

1

violations of the Employee Retirement Income Security Act
("ERISA") and certain collective bargaining agreements.

Plaintiffs requested leave to amend the Complaint.
(Pls.' Mot. for Leave to File Am Compl. (Docket No. 19)).  The
day before the hearing, defendants Brent and Terri Harris filed
for bankruptcy.  (Notice of Bankruptcy Filing (Docket 30).)

The notice of bankruptcy indicates that Brent and Terri
Harris have "property interests" in co-defendant Portneuf
Electric, (id.), though oral argument did not reveal the exact
nature of those interests.  Since a filing of bankruptcy requires
an automatic stay of all proceedings against the debtor, 11
U.S.C. § 362(a), the court will stay all actions against Brent
and Terri Harris.  Furthermore, because the motion for leave to
amend sought to add claims against Brent and Terri Harris, it
will be denied without prejudice.

Absent special circumstances, however, "the automatic
stay of § 362(a) protects only the debtor, property of the debtor
or property of the estate."  In re Chugach Forest Prods., Inc.,
23 F.3d 241, 246 (9th Cir. 1994); see also Ingersoll-Rand Fin.
Corp. v. Milling Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987)
("In the absence of special circumstances, stays pursuant to §
362(a) are limited to debtors and do not include non-bankrupt co-
defendants.").  There is currently no evidence that Portneuf
Electric is seeking bankruptcy, qualifies as the Harris'
property, is under the administration of the bankruptcy estate,
or qualifies for a stay due to special circumstances.  Thus the
court will decline to stay proceedings against Portneuf under §
362(a).

1    When there are separate proceedings against a
2  defendant, the court has inherent authority to stay the entire
3  action before it if a stay is "efficient for its own docket and
4  the fairest course for the parties." Leyva v. Certified Grocers
5  of Cal., Ltd., 593 F.2d 857, 864 (9th Cir. 1979).  "A stay should
6  not be granted unless it appears likely the other proceedings
7  will be concluded within a reasonable time in relation to the
8  urgency of the claims presented to the court." Id.  "'[I]f there
9  is even a fair possibility that the stay . . . will work damage
10  to someone else,' the party seeking the stay 'must make out a
11  clear case of hardship or inequity.'" Lockyer v. Mirant Corp.,
12  398 F.3d 1098, 1111 (9th Cir. 2005) (quoting Landis v. N. Am.
13  Co., 299 U.S. 248, 254 (1936)).

14    Here, the claims against Portneuf are the primary focus
15  of the litigation, thus it does not appear that a stay as against
16  the Harris defendants will force the litigation to proceed on a
17  piecemeal basis.  There is no way to know how long the bankruptcy
18  proceedings will last, plaintiffs wish to proceed against
19  Portneuf as quickly as possible because they believe Portneuf is
20  dissipating its assets, and their interest in the bankruptcy
21  estate could be harmed by delaying a judgment against Portneuf.
22  The court will therefore decline to exercise its inherent power
23  to stay the action against Portneuf.

24    IT IS THEREFORE ORDERED that:

25    (1) all proceedings in this action as against Brent and
26  Terri Harris only shall be, and the same hereby are, STAYED
27  pursuant to the provisions of 11 U.S.C. § 362(a) pending
28  resolution of their bankruptcy proceeding; and

3

1          (2) plaintiffs' motion for leave to file an Amended

2 Complaint be, and the same hereby is, DENIED.

3          This action shall proceed as against Portneuf, but the

4 court may reconsider whether to stay the action its entirety

5 should evidence indicate that such a stay is appropriate under

6 either § 362(a) or the court's inherent authority.

7 DATED:  October 22, 2012

8

9                                                    _____

           WILLIAM B. SHUBB
10          UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   4